69 P.3d 167

STATE of Idaho, Plaintiff–Respondent,

v.

Rojelio ALVAREZ, Defendant–Appellant.

No. 26666.

Court of Appeals of Idaho.

Jan. 28, 2003.

Review Denied May 16, 2003.

Molly J. Huskey, State Appellate Public Defender; Julie Dawn Reading, Deputy Appellate Public Defender, Boise, for appellant. Julie Dawn Reading argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Judge.

Rojelio Alvarez appeals from his judgment of conviction and sentence for felony domestic battery in the presence of a child and from an order of the district court denying his I.C.R. 35 motion for reduction of sentence. We affirm.

## I.

### FACTS AND PROCEDURE

Alvarez lived with his girlfriend and her two children. One afternoon, while Alvarez was in the bathroom, Alvarez's girlfriend asked him to give her a pack of cigarettes that were located in the bathroom. Alvarez threw them into the hall. Believing that an argument was forthcoming due to the manner in which Alvarez threw the pack of cigarettes, the girlfriend retrieved her car keys and prepared to leave the home. Alvarez came out of the bathroom and his girlfriend retreated to the bedroom, informing Alvarez that she intended to leave. Alvarez followed her and attempted to grab the car keys out of her hand. He also began swinging at his girlfriend in an attempt to hit her. She responded by kicking at Alvarez, who then began punching his girlfriend on her legs,

back, and in the face. Alvarez forced his hands over his girlfriend's mouth and nose in an effort to stop her screaming, which resulted in her nose being fractured. At some point during the altercation, one of the girlfriend's children came into the bedroom and told Alvarez to leave the girlfriend alone. A short time later, the police were called concerning the disturbance, and Alvarez left the home in the girlfriend's vehicle. The girlfriend was taken to the hospital and an ensuing examination revealed that she had sustained multiple injuries.

Alvarez was subsequently arrested and charged with felony domestic battery in the presence of a child. I.C. § 18–918. After a trial, a jury found Alvarez guilty. Alvarez was sentenced to a unified term of fifteen years, with a minimum period of confinement of five years. Thereafter, Alvarez filed a motion for new trial and a Rule 35 motion, both of which were denied. Alvarez appeals.

## II.

## ANALYSIS

### A. Jailhouse Clothing

On the first day of trial, the district court noted for the record that Alvarez was wearing jailhouse clothing. The district court then questioned the court marshal concerning Alvarez's attire, and the marshal stated that he had called the jail and inquired if anyone had brought civilian clothing to Alvarez. The officer at the jail responded that no clothing had been received. The marshal requested that the officer obtain the clothing that Alvarez had been arrested in and allow Alvarez to wear those clothes to trial. The officer advised that Alvarez had released that clothing to someone and, therefore, no civilian clothing was available for Alvarez to wear to trial. The district court also noted for the record that, previously that morning, Alvarez had requested a brief delay of the start of trial in order to obtain civilian clothing to wear during the proceedings. The district court related that it had denied Alvarez's request, stating that it refused to delay the start of trial when Alvarez had had sufficient time prior to trial to obtain the civilian clothing. Alvarez's first contention on appeal is that his right to a fair trial was violated when the district court forced him to proceed through trial dressed in jailhouse clothing.

The right to a fair trial is a fundamental right guaranteed by the Fourteenth Amendment. *State v. Miller,* 131 Idaho 288, 293, 955 P.2d 603, 608 (Ct.App.1997). The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice. *Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126, 130 (1976); *State v. Crawford,* 99 Idaho 87, 95, 577 P.2d 1135, 1143 (1978); *Miller,* 131 Idaho at 293, 955 P.2d at 608. In conducting a criminal trial, a court must carefully guard against dilution of the principle that guilt is to be established by probative evidence beyond a reasonable doubt. *Miller,* 131 Idaho at 293, 955 P.2d at 608.

Consequently, a state cannot, consistent with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes. *Estelle,* 425 U.S. at 512, 96 S.Ct. at 1696–97, 48 L.Ed.2d at 135. Such compulsion is impermissible because of the possible impairment of the presumption of innocence so basic to the adversary system. *See Estelle,* 425 U.S. at 504, 96 S.Ct. at 1693, 48 L.Ed.2d at 130. *See also State v. Slater,* 136 Idaho 293, 301, 32 P.3d 685, 693 (Ct.App. 2001). The particular evil proscribed is compelling a defendant, against his or her will, to be tried in jail attire. *Estelle,* 425 U.S. at 507, 96 S.Ct. at 1694, 48 L.Ed.2d at 132. In order to establish the presence of compulsion, a defendant is required to object to being tried in jail garments. *Id.* at 512, 96 S.Ct. at 1696–97, 48 L.Ed.2d at 135. The failure to make an objection to the trial court to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation. *Id.* at 512–13, 96 S.Ct. at 1696–97, 48 L.Ed.2d at 135. Any error in forcing a defendant to wear identifiable jailhouse clothing during trial is subject to a harmless error analysis. *See id.* at 506–07, 96 S.Ct. at 1694, 48 L.Ed.2d at 131–32.

■ In the present case, Alvarez did not expressly object to being tried in jailhouse clothing. Rather, the record reveals that Alvarez made an informal, off-the-record request on the first day of trial for a brief delay in the start of trial to obtain civilian clothing. When the district court noted for the record that it had denied Alvarez's request for a delay in the start of trial to obtain civilian clothing, Alvarez did not thereafter object to the district court's denial of his request or to being tried in jailhouse garments. An informal request to delay the start of trial to obtain civilian clothing is insufficient to constitute an objection to being tried in jailhouse attire. *See United States v. Rogers,* 769 F.2d 1418, 1421–23 (9th Cir.1985). Alvarez's informal request for a delay in order to obtain civilian clothing was insufficient to put the district court on notice that Alvarez was asserting a violation of his constitutional right to a fair trial. Thus, we conclude that Alvarez has failed to demonstrate that he was compelled to stand trial in identifiable jailhouse attire and, therefore, no violation of Alvarez's constitutional right to a fair trial has been shown.

**B. Variance**

The information charging Alvarez with felony domestic battery in the presence of a child alleged that Alvarez inflicted a traumatic injury upon his girlfriend by "kicking and striking her resulting in a broken nose and other injuries" in the presence of a child. At trial, the jury was instructed that traumatic injury was defined as "a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by physical force." The instruction given to the jury did not limit the jury's consideration of traumatic injury to the injuries specified in the information.

■ On appeal, Alvarez asserts that, despite the information limiting the victim's traumatic injury to a broken nose and other injuries, the jury instruction at issue permitted the jury to find any injury sufficient even if the jury did not find that Alvarez broke the victim's nose. Alvarez argues that the jury instruction thus varied from the information, depriving him of his rights to fair notice and due process of law. The state contends that Alvarez failed to preserve the issue of variance for appellate review because he did not raise it below. We are not persuaded by the state's argument. In a recent opinion, this Court held that a defendant is not precluded from presenting the issue of variance between the charging information and a challenged jury instruction for the first time on appeal on the ground that errors in the instructions given to the jury may be raised for the first time on appeal. *See State v. Hoffman,* 137 Idaho 897, 901, 55 P.3d 890, 894 (Ct.App.2002). Therefore, we will address the merits of Alvarez's claim.

■ The existence of an impermissible variance between a charging instrument and the jury instructions is a question of law over which we exercise free review. *State v. Sherrod,* 131 Idaho 56, 57, 951 P.2d 1283, 1284 (Ct.App.1998). Our task in resolving the issue presented is two-fold. First, we must determine whether there is a variance between the information used to charge Alvarez with felony domestic battery in the presence of a child and the instructions presented to the jury. *See State v. Brazil,* 136 Idaho 327, 329, 33 P.3d 218, 220 (Ct.App.2001). Second, if a variance exists, we must examine whether it rises to the level of prejudicial error requiring reversal of the conviction. *Id.*

■ Here, the information specifically alleged that Alvarez inflicted traumatic injury on the victim by breaking her nose and causing other injuries. The information did not limit the injury that was alleged to constitute traumatic injury to the victim's broken nose. Rather, the information provided that there were other injuries comprising the traumatic injury inflicted upon the victim. There was evidence adduced at trial that, in addition to sustaining a fractured nose, Alvarez's girlfriend suffered cuts, scratches, and bruises to multiple areas of her body as a result of Alvarez's attack. Thus, even if the state failed to convince the jury that Alvarez broke his girlfriend's nose, a conviction for felony domestic battery would nevertheless be supported based on a finding that Alvarez caused other traumatic injuries to the victim.

The posture of the present case is unlike that of *Brazil*, which Alvarez cites in support of his position. There, the information alleged that Brazil inflicted traumatic injury on the victim by shooting the victim's knuckle and fingertip. Evidence was presented at trial that the victim suffered a number of injuries in addition to those specifically pled in the information. The trial court instructed the jury that in order to find Brazil guilty of aggravated battery, it must find that Brazil caused great bodily harm to the victim but it did not limit the injuries to be considered to the shooting of the victim's knuckle and fingertip. On appeal, this Court concluded that because the challenged jury instruction allowed the jury to find great bodily harm based upon injuries other than the gunshot wounds suffered by the victim, there was an impermissible variance between the information and the jury instruction.

Unlike the charging instrument in *Brazil*, the information in the case at bar alleged that Alvarez inflicted injuries other than the victim's broken nose and evidence of the other injuries sustained by the girlfriend was presented at trial. Having reviewed the instruction given at trial and the information, we conclude that Alvarez has failed to show that a variance existed.

## C. Constitutionality of I.C. § 18–918

Alvarez next contends that I.C. § 18–918 is unconstitutionally vague, particularly because of the breadth of the statute's definition of "traumatic injury." In several recent opinions, the Idaho Supreme Court has addressed the precise vagueness challenge to I.C. § 18–918 now raised by Alvarez and on each occasion has determined that, although the statute is broad in scope, it is not unconstitutionally vague. *See generally State v. Prather*, 135 Idaho 770, 25 P.3d 83 (2001); *State v. Larsen*, 135 Idaho 754, 24 P.3d 702 (2001); *State v. Hellickson*, 135 Idaho 742, 24 P.3d 59 (2001). The issue having previously been decided, and being presented with no new basis upon which to consider the issue, we adhere to controlling Idaho Supreme Court precedent and hold that I.C. § 18–918 is not unconstitutionally vague. *See State v. Odiaga*, 125 Idaho 384, 388, 871 P.2d 801, 805 (1994).

## D. Sentence Review

For his crime, Alvarez was sentenced to a unified term of fifteen years, with a minimum period of confinement of five years. Alvarez argues that his sentence is excessive in view of his remorse, willingness to be rehabilitated, support of family and friends, and lack of a violent criminal history.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct.App.2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1185 (Ct.App.1982).

Here, the district court fashioned Alvarez's sentence after taking into account the four sentencing objectives and the mitigating factors submitted by Alvarez. After considering the nature of Alvarez's crime and the mitigating factors, the district court determined that a period of incarceration was necessary in this case to adequately protect society. Having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, we conclude that Alvarez has not demonstrated that his sentence is unreasonable or excessive.

## E. Rule 35 Motion

Alvarez filed a Rule 35 motion for reduction of sentence. Alvarez did not submit new information with his motion but, rather, requested that the district court reconsider the sentence imposed. Alvarez's motion was denied after a hearing. After his appeal was filed, Alvarez moved to augment the record with a transcript of the hearing on his Rule 35 motion, which was denied by the Idaho Supreme Court. Alvarez asserts that the district court abused its discretion by denying his Rule 35 motion.[1]

An order denying a motion for reduction of a sentence under Rule 35 is reviewed for an abuse of discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). In the present case, Alvarez did not submit new information in support of his Rule 35 motion but, rather, requested that the district court reconsider the sentence originally imposed. Having determined that Alvarez's sentence is not unreasonable or excessive, and having been presented with no new information in support of the motion, we conclude that Alvarez has failed to show that the district court abused its discretion by denying his Rule 35 motion.

## III.

## CONCLUSION

Alvarez's informal request to delay the start of trial in order to obtain civilian clothing did not constitute an objection to being tried in jailhouse clothes. Accordingly, Alvarez has failed to demonstrate that he was compelled to stand trial in jailhouse attire and no violation of his constitutional right to a fair trial has been shown.

The information charging Alvarez with felony domestic battery in the presence of a child expressly alleged that there were other injuries, apart from a broken nose, that comprised the traumatic injury Alvarez inflicted upon his girlfriend. Consequently, we hold that Alvarez has not demonstrated that a variance existed between the information and the challenged jury instruction.

Our Supreme Court has previously addressed the challenge made by Alvarez to the constitutionality of I.C. § 18–918 and determined that the statute is not unconstitutionally vague. We thus adhere to controlling Supreme Court precedent and hold that I.C. § 18–918 is not unconstitutional.

After reviewing the record in this case, we hold that Alvarez's sentence is not unreasonable or excessive. Having determined that Alvarez's sentence was not excessive when pronounced, and being presented with no new information in support of his Rule 35 motion, we also hold that the district court did not abuse its discretion by denying Alvarez's Rule 35 motion. We do not address whether Alvarez's rights to equal protection and due process were violated by the denial of his motion to augment the appellate record by the Idaho Supreme Court because Alvarez has withdrawn that issue from our consideration. Alvarez's judgment of conviction and sentence for felony domestic battery in the presence of a child and the district court's order denying Alvarez's Rule 35 motion are affirmed.

Judge GUTIERREZ, and Judge Pro Tem JUDD concur.

---

1. In his opening appellate brief, Alvarez also contended that his rights to equal protection and due process of law were violated by the Supreme Court's denial of his motion to augment the appellate record. However, at oral argument, Alvarez withdrew that issue from our consideration.