**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43259**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 79** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 8, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **AMAN GAS,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment and conviction for battery with the intent to commit rape, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Aman Gas appeals from his judgment of conviction for battery with the intent to commit rape. Idaho Code § 18-911. On appeal, Gas asserts the district court erred when it instructed the jury on the crime of battery with the intent to commit rape as an included offense of rape.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The victim in this case, R.G., fell asleep on a couch at her friend's house after a night of drinking. R.G. testified that while she was asleep someone, later identified as Gas, inserted his fingers into her rectum and her mouth. R.G. testified that she initially thought she was dreaming but woke up when Gas attempted to penetrate her rectum with his penis twice, and did penetrate her on a third attempt. Shortly thereafter, R.G. telephoned her father and a friend, who both arrived to pick her up. She spoke to the police and was taken to a medical center for an

1

examination. R.G. indicated the rape occurred between 1:30 a.m. and 2:00 a.m. The nurse at the hospital testified that R.G. had three separate tears on her anus.

Gas was also interviewed by police. He claimed he had been at a bar from approximately 11:00 p.m. to 3:00 a.m. and when he returned to the residence, he did not have any physical contact with R.G. Gas's defense at trial was an alibi defense, as he claimed the rape occurred while he was at the bar. Gas was also taken to a medical center where he was examined and DNA samples were taken. A DNA analyst later testified that she found DNA matching R.G.'s under Gas's fingernails and R.G. was a potential contributor to the DNA found on Gas's penile swab. DNA from R.G.'s rectum was not tested due to an insufficient amount.

Gas was charged with rape, Idaho Code § 18-6101(6)(a) and/or (b).[1] Gas objected to the district court's proposed jury instructions, which included a lesser included offense: battery with the intent to commit rape. Gas objected on the grounds that the act was one consummated event, that lesser included offenses were cumulative, it was prejudicial and would mislead the jury, and would allow the State multiple options to try and find Gas guilty of a crime. He argued that evidence had come in that the act, according to R.G., was allegedly completed, so there should not be a lesser included offense because the act was completed in one continuous event. The State argued the instruction of battery with the intent to commit rape was necessary because the fourth element of rape under subsection (6) is that the victim is "unconscious of the nature of the act." I.C. § 18-6101(6). This was a concern as R.G. had testified about being in a dreamlike state when Gas tried to penetrate her twice; however, R.G. asserted that on the third attempt she woke up. As a result, the jury could reasonably find that she was no longer unconscious of the nature of the act and therefore conclude that the State had not proved, beyond a reasonable doubt, the fourth element of rape. The court held that battery with intent to commit rape is an included offense of the charge of rape and that the jury should be instructed on the included offense. It was persuaded by the State's argument and also suggested there was evidence from which the jury could determine that Gas attempted to penetrate but was unsuccessful.

The jury acquitted Gas on the charge of rape, but found him guilty of battery with the intent to commit rape. Gas filed a motion for a new trial on a number of issues, including the

---

[1] At the time the district court entered its judgment, the statute read as provided. Since that time, the statute was amended effective July 1, 2016. Subsection (6) was reassigned as subsection (7) and "she" was amended to "the victim."

jury instruction on battery with the intent to commit rape. In denying the motion, the district court stated that "Idaho Criminal Jury Instruction 970 states: '[B]attery with intent to commit rape <u>is an included offense of rape and can be shown by proof of all the elements of rape except penetration</u>.'" It also rejected Gas's assertions that the instruction created a variance between the jury instruction and the charging document. Gas was sentenced to ten years with four years determinate. He timely appeals.

## II.

## ANALYSIS

Gas argues that his conviction should be vacated due to the district court's error in instructing the jury on the crime of battery with the intent to commit rape. Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). Gas specifically argues the district court erred because battery with intent to commit rape is not an included offense of rape where the victim is unconscious, and the instruction on battery with intent to commit rape created a variance with the charging document. The State asserts there was no variance and even if the victim is unconscious, rape requires penetration which is a battery, and therefore, the elements of battery with the intent to commit rape are included in a charge of rape.

### A.     Lesser Included Offense

There are two theories under which a particular offense may be determined to be a lesser included offense of the charged offense: the statutory theory and the pleading theory. *State v. Weatherly*, 160 Idaho 302, 305, 371 P.3d 815, 818 (Ct. App. 2016). Under the statutory theory, "one offense is not considered a lesser included of another unless it is necessarily so under the statutory definition of the crime." *Id*. (quoting *State v. Thompson*, 101 Idaho 430, 433, 614 P.2d 970, 973 (1980)). The test originated in *Blockburger v. United States*, 284 U.S. 299 (1932). "An offense will be deemed to be a lesser included offense of another, greater offense, if all the elements required to sustain a conviction of the lesser included offense are included within the elements needed to sustain a conviction of the greater offense." *State v. McCormick*, 100 Idaho

3

111, 114, 594 P.2d 149, 152 (1979). The State charged Gas with rape, I.C. § 18-6101(6)(a) and/or (b) which defines rape as follows:

> (6) Where she is at the time unconscious of the nature of the act. As used in this section, "unconscious of the nature of the act" means incapable of resisting because the victim meets one (1) of the following conditions:
>     (a) Was unconscious or asleep;
>     (b) Was not aware, knowing, perceiving, or cognizant that the act occurred.

Battery with the intent to commit a serious felony is defined as, "Any battery committed with the intent to commit murder, rape, the infamous crime against nature, mayhem, robbery or lewd and lascivious conduct with a minor child is a battery with the intent to commit a serious felony." I.C. § 18-911. Gas argues that battery with the intent to commit rape is not a lesser included offense of rape where the victim is unconscious of the nature of the act, and that battery with intent to commit rape requires a battery that is separate from penetration. He cites *State v. Jones*, 154 Idaho 412, 299 P.3d 219 (2013) for the holding that "some force beyond that which is inherent in the sexual act is required for a charge of forcible rape." *Id*. at 422, 299 P.3d at 229. The Idaho Supreme Court reasoned, "Were we to construe 'force' as encompassing the act of penetration itself, it would effectively render the force element moot. Force would *always* be present and never have to be proven, so long as there was sexual intercourse." *Id*. However, *Jones* is easily distinguished from the present facts as it dealt with the charge of forcible rape, which is not the situation here. The *Jones* Court did not hold that battery with the intent to commit rape requires a battery distinct from penetration. The statute subsection relating to forcible rape specifically requires that the "victim resists but the *resistance* is overcome by force or violence." I.C. § 18-6101(3)[2] (emphasis added). Therefore, subsection (3) requires a force beyond the actual penetration, but it does not apply here as Gas was charged with rape under subsection (6).

> Battery is defined as:
>
> (a) Willful and unlawful use of force or violence upon the person of another; or
> (b) Actual, intentional and unlawful touching or striking of another person against the will of the other; or
> (c) Unlawfully and intentionally causing bodily harm to an individual.

---

[2] The statute was amended effective July 1, 2010, and subsection (3) was reassigned as subsection (4); however, there was no change in the wording of the subsection.

4

I.C. § 18-903. While rape requires actual penetration, the physical contact short of penetration would constitute a battery under I.C. § 18-903. Penile touching that succeeds or fails to succeed in penetration is a battery. It would be impossible to commit a rape without committing a battery; therefore, battery with the intent to commit rape is a lesser included offense under the statutory theory.

This is further supported by *State v. Bolton*, 119 Idaho 846, 810 P.2d 1132 (Ct. App. 1991), in which this Court held: "assault with intent to commit rape or battery with intent to commit rape can be shown to be a lesser included offense only by proof of all the elements of rape, except penetration." *Id.* at 850, 810 P.2d at 1136. Similarly, Idaho Criminal Jury Instruction 970 provides: "Assault with intent to commit rape or battery with intent to commit rape is an included offense of rape and can be shown by proof of all the elements of rape except penetration. *State v. Bolton*, 119 Idaho 846, 810 P.2d 1132 (Ct. App. 1991); *see* ICJI 225."

Battery with the intent to commit rape is also an included offense under the "pleading theory." The pleading theory holds "that an offense is an included offense if it is alleged in the information [or indictment] as a means or element of the commission of the higher offense." *State v. Flegel*, 151 Idaho 525, 529, 261 P.3d 519, 523 (2011) (quoting *Sivak v. State*, 112 Idaho 197, 211, 731 P.2d 192, 206 (1986); *State v. Anderson*, 82 Idaho 293, 301, 352 P.2d 972, 977 (1960)). The information alleged that Gas "did penetrate with his penis the anal opening of a female person, [R.G.], who at the time was unconscious of the nature of the act and this was known to the defendant." As noted above, a penetration by the penis requires a battery and thus, battery with the intent to commit rape was the means or element necessary to the commission of the charged rape. The district court did not err in finding that battery with intent to commit rape is a lesser included offense of the crime of rape.

**B.     Variance**

Gas also asserts that the jury instruction on battery with intent to commit rape created a variance between the charging document. The existence of an impermissible variance between a charging instrument and the jury instructions is a question of law over which we exercise free review. *State v. Sherrod*, 131 Idaho 56, 57, 951 P.2d 1283, 1284 (Ct. App. 1998). Our task in resolving the issue presented is two-fold. First, we must determine whether there is a variance between the information used to charge Gas with rape and the instructions presented to the jury. *See State v. Brazil*, 136 Idaho 327, 329, 33 P.3d 218, 220 (Ct. App. 2001). Second, if a variance

5

exists, we must examine whether it rises to the level of prejudicial error requiring reversal of the conviction. *Id.* A variance between a charging instrument and a jury instruction necessitates reversal only when it deprives the defendant of the right to fair notice or leaves him or her open to the risk of double jeopardy. *State v. Windsor*, 110 Idaho 410, 417-18, 716 P.2d 1182, 1189-90 (1985); *Brazil*, 136 Idaho at 330, 33 P.3d at 221.

The document charging Gas with rape provided:

That the said AMAN FARAH GAS, County of Bannock, State of Idaho, on or about the 20th day of January, 2013, did penetrate with his penis the anal opening of a female person, [R.G.], who at the time was unconscious of the nature of the act and this was known to the defendant.

The jury instruction in question stated:

In order for the defendant to be guilty of battery with intent to commit rape, the state must prove each of the following:
    1. On or about the 20th day of January, 2013,
    2. in the state of Idaho
    3. the defendant, Aman Farah Gas, committed a battery upon [R.G.], a female, and
    4. when committing such battery the defendant had the intent to use such force as was necessary to cause his penis to penetrate, however slightly, her anal opening, without her consent.

Gas argues the instruction varied from the charging document because it allowed the jury to convict Gas by committing a battery other than penetration, and it allowed the jury to convict if this was done without R.G.'s consent, not when she was unconscious of the nature of the act. Gas argues he was not put on notice that he needed to defend against an act other than penetration or that the act was without R.G.'s consent. As previously discussed, battery with intent to commit rape does not require a battery that is separate from the penetration when it is not a charge of forcible rape. Therefore, Gas did not need to defend against an act other than the penetration and was not deprived of such notice. Furthermore, he was not deprived of any notice that he needed to defend that the act was without R.G.'s consent. He was charged with committing rape where the victim was "unconscious or asleep" or "[w]as not aware, knowing, perceiving, or cognizant that the act occurred." I.C. § 18-6101(6). It is nonsensical that he would need to defend that the act was without consent when the victim was unable to provide consent because she was unconscious of the nature of the act. Further, the State correctly contends that even if there were a variance, because Gas used an alibi defense asserting that he was not present during the time the rape occurred, he was not deprived of fair notice or open to

6

double jeopardy. In *State v. Ormesher*, 154 Idaho 221, 296 P.3d 427 (Ct. App. 2012), this Court held the defendant's defense was not thwarted because he in fact did offer a defense to any allegations that were referenced in the jury instruction. *Id.* at 225, 296 P.3d at 431. In its decision, this Court cited *State v. Hickman*, 146 Idaho 178, 182, 191 P.3d 1098, 1102 (2008), for its holding that the defendant was not misled or embarrassed in the presentation of his defense by a variance because it did not implicate his actual defense at trial. *Id.* In the present case, the defendant's defense was similarly not thwarted because his defense was that he was not present during the rape. Therefore, while we find there was no variance, even if there were, Gas's argument also fails under the second step on the analysis.

## III.

## CONCLUSION

Battery with intent to commit rape is an included offense of rape where the victim is unconscious, and there was no variance between the jury instruction and the charging document. Therefore, Gas fails to show the district court erred in its jury instruction for battery with the intent to commit rape, and his judgment and conviction for battery with the intent to commit rape is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.