33 P.3d 218

**STATE of Idaho,**

v.

**William Henry BRAZIL.**

No. 26350.

Court of Appeals of Idaho.

July 25, 2001.

Review Denied Oct. 17, 2001.

---

Ronaldo A. Coulter, State Appellate Public Defender; Richard J. Hansen, Deputy Appellate Public Defender, Boise, for appellant. Richard J. Hansen argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Judge

William Henry Brazil appeals from his judgments of conviction and sentences for second degree kidnapping, I.C. §§ 18–4501, 18–4503; two counts of aggravated battery, I.C. §§ 18–903, 18–907(a) and/or (b); and use of a deadly weapon in the commission of a crime. I.C. § 19–2520. We affirm in part and vacate in part. Brazil also appeals from the order denying his I.C.R. 35 motion for reduction of sentences, which we affirm in part and reverse in part.

## I.

## BACKGROUND

In May 1999, Brazil attacked his former girlfriend, biting her lips and ear, tearing her underwear off, and shooting her twice in one finger. Brazil handcuffed the victim's wrists and ankles together and carried her to his car. The victim eventually escaped. Brazil was charged with one count of second degree kidnapping and two counts of aggravated

battery, and the prosecutor sought a sentence enhancement for use of a deadly weapon in the commission of those crimes. A jury found Brazil guilty of all of the charges and subject to a sentence enhancement for use of a deadly weapon. For second degree kidnapping, the district court sentenced Brazil to a unified term of twenty-five years, with a minimum period of confinement of five years. For the first count of aggravated battery, the district court sentenced Brazil to a unified term of twenty-five years, with a minimum period of confinement of fifteen years, enhanced for use of a deadly weapon. For the second count of aggravated battery, the district court sentenced Brazil to a unified term of fifteen years, with a minimum period of confinement of five years. The district court ordered that the battery sentences run concurrent with one another, but consecutive to the sentence imposed on Brazil's conviction for kidnapping. Thus, the total aggregate sentence imposed by the district court was a unified term of fifty years, with a minimum period of confinement of twenty years. Brazil filed an I.C.R. 35 motion for reduction of his sentences, which was denied by the district court. Brazil appeals.

## II.

## ANALYSIS

### A. Aggravated Batteries

█ On appeal, Brazil asserts that his convictions for two counts of aggravated battery should be vacated because there was an impermissible variance between the charging information and the instructions given to the jury. Brazil contends that this variance allowed the jury to convict him of offenses different from those with which he was charged, thereby depriving him of his constitutional rights to fair notice and to be free from double jeopardy. The existence of an impermissible variance between a charging instrument and the jury instructions is a question of law over which we exercise free review. *State v. Sherrod*, 131 Idaho 56, 57, 951 P.2d 1283, 1284 (Ct.App.1998).

The question presented in this case is twofold. First, is there a variance between the information used to charge Brazil with the two counts of aggravated battery and the instructions presented to the jury? Second, if a variance exists, does it rise to the level of prejudicial error requiring a reversal of Brazil's conviction? Resolution of these issues requires a close examination of the state's pleadings.

The prosecutor's information charged Brazil with two counts of aggravated battery, each under two alternative theories. On the first count of aggravated battery, the information alleged that Brazil had committed a battery "causing great bodily harm, to-wit: shooting [the victim's] knuckle, and/or by means of a deadly weapon; instrument, to-wit: a firearm, in violation of Idaho Code Section 18–903 and 18–907(a) and/or (b)." On the second count of aggravated battery, the information alleged that Brazil had committed a battery "causing great bodily harm, to-wit: shooting the tip of [the victim's] finger, and/or by means of deadly weapon; instrument, to-wit: a firearm, in violation of Idaho Code Sections 18–903 and 18–907(a) and/or (b)."

Brazil argues that jury instruction 19, which defined the elements of aggravated battery for the jury, did not limit the jury's consideration to the offenses described in the information. Jury instruction 19 informed the jury as follows:

In order for the defendant to be guilty of Aggravated Battery (*Counts II and III*), the State must prove each of the following:

1. On or about May 24, 1999,

2. in the State of Idaho,

3. the defendant WILLIAM HENRY BRAZIL committed a battery upon [the victim], and

4a. when doing so the defendant caused great bodily harm.

and/or

4b. used a deadly weapon or instrument.

If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a rea-

sonable doubt, you must find the defendant guilty.

(Emphasis added.).

Brazil correctly asserts that jury instruction 19 was not consistent with the two counts of aggravated battery alleged in the information. Instruction 19 departed from the two counts of aggravated battery charged in the information by allowing the jury to find that Brazil caused great bodily harm based upon any of the injuries suffered by the victim. The information specifically limited the alleged injury in Brazil's first count of aggravated battery to "shooting [the victim's knuckle]," and in his second count of aggravated battery to "shooting the tip of [the victim's finger]." However, in addition to these injuries, testimony was elicited to show that the victim suffered a lacerated ear lobe, a cut lip, two black eyes, a cut on her left eye, bruising on her ankles and wrists, and a wound on her scalp as a result of Brazil's attack. The state also introduced into evidence photographs of these injuries. Thus, instruction 19 allowed the jury to find Brazil guilty of batteries other than the shootings charged in the information. Based on the inconsistencies outlined above, we conclude that there was a variance between the state's charging instrument and the jury instructions.

■ A determination that a variance existed between the state's charging instrument and the jury instructions does not end our inquiry. We must next determine whether this variance is fatal to the jury's verdict. Whether a discrepancy between a charging instrument and a jury instruction is a harmless imperfection in the trial or prejudicial error that requires reversal is a question of law subject to free review on appeal. *Sherrod*, 131 Idaho at 59, 951 P.2d at 1286.

■ A determination of whether a variance is fatal depends on whether the basic functions of the pleading requirement have been met. *State v. Windsor*, 110 Idaho 410, 417, 716 P.2d 1182, 1189 (1985). A charging instrument meets the basic functions of the pleading requirement if it fairly informs the defendant of the charges against which he or she must defend and enables him or her to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Bailey*, 444 U.S. 394, 395, 100 S.Ct. 624, 626–27, 62 L.Ed.2d 575, 581–82 (1980). Therefore, a variance between a charging document and a jury instruction requires reversal only when it deprives the defendant of his or her right to fair notice or leaves him or her open to the risk of double jeopardy. *Windsor*, 110 Idaho at 417–18, 716 P.2d at 1189–90; *Sherrod*, 131 Idaho at 59, 951 P.2d at 1286. Thus, a variance between the facts alleged in the pleading instrument and the proof at trial generally will not be deemed fatal to the prosecutor's case unless there has been such a variance as to affect the substantial rights of the accused. *Windsor*, 110 Idaho at 417, 716 P.2d at 1189; *State v. Colwell*, 124 Idaho 560, 566, 861 P.2d 1225, 1231 (Ct.App.1993). A review of whether the defendant was deprived of his or her right to fair notice requires the court to determine whether the record suggests the possibility that the defendant was misled or embarrassed in the preparation or presentation of his or her defense. *Windsor*, 110 Idaho at 418, 716 P.2d at 1190.

■ In *Sherrod*, this Court found that a similar inconsistency between the charging information and the jury instructions constituted a fatal variance. In *Sherrod*, the amended information charged the defendant with aggravated battery by alleging that he "did willfully and unlawfully use force or violence upon the person of [the victim], causing great bodily harm and/or permanent disfigurement, to wit: by stabbing [the victim] in the back." *Id.* at 58, 951 P.2d 1283. However, the trial court in *Sherrod* instructed the jury that in order for the defendant to be guilty of aggravated battery the state must prove that the defendant "committed a battery upon [the victim]; and ... when doing so the defendant caused great bodily harm, or permanent disfigurement, or used a deadly weapon or instrument." *Id.* This Court determined that the instruction departed from the charged offense because "it allowed the jury to find that [the defendant] caused great bodily harm or permanent disfigurement based upon any of the injuries that may have been suffered by the victim, whereas the amended information specifically

limited the alleged injury to stabbing in the back." *Id.* at 59, 951 P.2d at 1286. This Court determined that the variance presented no risk of double jeopardy, but concluded that the variance prejudiced the defendant in the presentation of his defense. Specifically, this Court found that the defendant was not placed on notice of a need to present evidence or argument that the victim's other injuries were of insufficient severity to amount to great bodily harm or permanent disfigurement.

We conclude that the reasoning utilized in *Sherrod* is applicable to the facts of the instant case. In this case, the information alleged that Brazil committed two counts of aggravated battery by shooting the victim's knuckle, shooting the tip of the victim's finger, or by using a deadly weapon and not by any other means. Thus, the information limited the injuries alleged to have resulted in great bodily harm to "shooting [the victim's] knuckle," or "shooting the tip of [the victim's] finger." In contrast, jury instruction 19 allowed the jury to make a finding of great bodily harm based upon injuries other than the gunshot wounds suffered by the victim. As we have previously noted, the victim suffered a number of injuries in addition to those alleged in the information.

The state argues that the verdict form indicates that the jury found Brazil guilty of the charged offense because of its affirmative finding concerning the weapons enhancement. Again, we disagree. According to the answers on the verdict form, the jury found that Brazil used a deadly weapon in the commission of at least one of the crimes. We note, however, that the portion of the verdict form pertaining to the weapons enhancement applies to all three charges and does not indicate which injuries the jury relied on in finding Brazil guilty of two counts of aggravated battery. The verdict form instructed the jury that "If you found the defendant guilty of any of the above counts I III, please proceed to PART II and answer the question there." Part II then read: "Did WILLIAM HENRY BRAZIL use a deadly weapon in the commission of the crime of KIDNAPPING IN THE SECOND DEGREE or AGGRAVATED BATTERY of which you have

found WILLIAM HENRY BRAZIL guilty?" The jury answered "yes." Because the jury found that Brazil was guilty of all three counts, and the verdict form failed to separate the three counts with respect to the weapons enhancement, it is impossible to ascertain whether the jury found that Brazil used the gun in connection with the kidnapping, the first count of aggravated battery, the second count of aggravated battery, or all three counts. Thus, the jury's finding of a weapons enhancement fails to indicate whether the jury found that Brazil used a gun in committing either or both of the counts of aggravated battery. Therefore, the jury's finding with respect to the weapons enhancement does not rule out the possibility that the jury found Brazil guilty of aggravated battery due to the infliction of "great bodily harm" based on injuries other than the gunshot wounds. We conclude that the jury's responses on the verdict form do not satisfy the inquiry of whether the jury may have found Brazil guilty of an offense different from that with which he was charged under the information.

A criminal defendant is entitled to be apprised by the charging instrument not only of the name of the offense charged but in general terms of the manner in which it is alleged to have been committed. *See* I.C. §§ 19–1303, –1409 (charging instrument must contain a statement of the acts constituting the offense); I.C. § 19–1411 (charging instrument must be direct and certain as it regards the particular circumstances of the offense charged); *State v. McMahan,* 57 Idaho 240, 246–47, 65 P.2d 156, 158 (1937) (An information must not only state the name of the alleged crime but also inform the accused as to how it is claimed the accused committed the offense.). Conviction of a crime different from that charged is a denial of due process. *State v. Cariaga,* 95 Idaho 900, 902, 523 P.2d 32, 34 (1974); *McMahan,* 57 Idaho at 250, 65 P.2d at 160; *State v. Gilman,* 105 Idaho 891, 893, 673 P.2d 1085, 1087 (Ct.App.1983).

Based on the foregoing discussion, we conclude that the variance between the information and the jury instructions in this case prejudiced Brazil in the presentation of his defense. The information failed to place

Brazil on notice of a need to present evidence or argument that the victim's other injuries were of insufficient severity to amount to great bodily harm. Furthermore, the imprecise language of the verdict form prevents us from ascertaining whether the jury found that Brazil used a deadly weapon in the commission of the kidnapping, the first count of aggravated battery, or the second count of aggravated battery. Therefore, we conclude that the variance between the allegations of the information and the jury instructions was reversible error.

Brazil also challenges the enhancement instruction because it did not require the jury to determine whether he used a deadly weapon in the commission of each individual offense. We agree. As previously noted, the enhancement instruction used in this case allowed the jury to find that Brazil used a deadly weapon in *any* of the offenses. Therefore, it fails to indicate to which offense the enhancement was applied. For guidance upon remand, this instruction should be amended by the district court to require the jury to affirmatively consider each individual offense and whether a deadly weapon was used in its commission.[1]

## B. Kidnapping

On appeal, Brazil does not contest his judgment of conviction for second degree kidnapping. Brazil does assert, however, that the district court abused its discretion in imposing his unified sentence of twenty-five years, with a minimum period of confinement of five years, for kidnapping and in denying his Rule 35 motion.

■ Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991); *State v. Lopez*, 106 Idaho 447, 449–51, 680 P.2d 869, 871–73

(Ct.App.1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

■ The record in this case reveals that Brazil has a strong propensity for violence. After awakening the victim, Brazil beat her, savagely bit her ear and lip, tore off her underwear, and fired two shots into the pillow immediately adjacent to her head. Brazil shot the victim twice in one finger and threatened to detain her indefinitely. Brazil then handcuffed the victim's wrists and ankles and carried her to his car against her will.

The presentence investigation report (PSI) indicates that Brazil has prior misdemeanor convictions for assault, possession of drug paraphernalia, and battery. In addition, the PSI indicates that Brazil's previous misdemeanor assault conviction was originally charged as aggravated assault, a felony. In an interview with the presentence investigator, Brazil admitted to first using methamphetamine at the age of thirty-three and stated that he been using methamphetamine on a daily basis for the previous two years. Based on the violent nature of the crime and his past history of violence, the presentence investigator recommended that Brazil be sentenced to a period of incarceration. Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion.

■ Next, we review whether the district court erred in denying Brazil's Rule 35 motion. An order denying a motion for reduction of a sentence under Rule 35 is reviewed for an abuse of discretion. If the sentence is found to be reasonable at the time of pronouncement, the defendant must then show that it is excessive in view of the additional information presented with the motion for reduction. *Hernandez*, 121 Idaho at 117, 822 P.2d at 1014.

Brazil did not to present any new or additional evidence with his Rule 35 motion. Furthermore, Brazil's Rule 35 motion was based on the same arguments presented at

---

1. Because we vacate the judgment of conviction on the two counts of aggravated battery, there is no need to review the sentences imposed on Brazil's convictions for aggravated battery or the enhancement as it applied to the sentence im-

posed on Count II. Likewise, we will not review the portion of the district court's order denying Brazil's Rule 35 motion pertaining to the two counts of aggravated battery.

the time of sentencing. We have already determined that Brazil's sentence for kidnapping was not excessive. Therefore, we conclude that the district court did not abuse its discretion in denying the portion of Brazil's Rule 35 motion relating to the kidnapping sentence.

## III.

### CONCLUSION

The variance between the information and the jury instructions for the two counts of aggravated battery deprived Brazil of his right to fair notice. Thus, Brazil's judgment of conviction and sentences for aggravated battery are vacated. Brazil does not challenge his judgment of conviction for second degree kidnapping. Brazil has failed to show that the district court abused its discretion in imposing his kidnapping sentence or in denying his Rule 35 motion. Therefore, Brazil's judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of five years, for kidnapping is affirmed.

Judge LANSING and Judge Pro Tem MORFITT concur.