IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45968

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 30, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| GARRETT M. McCOY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment for grand theft by possession of stolen property and being a persistent violator, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Garrett M. McCoy appeals from his judgment of conviction for grand theft by possession of stolen property with a persistent violator enhancement. McCoy argues that there was a fatal variance between one of the jury instructions and the amended information. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged McCoy with grand theft by possession of stolen property after he took a car from Canyon County and drove it to Ada County where he left it in a vacant lot. The information alleged that McCoy committed grand theft by possession of stolen property. The

1

State also alleged that McCoy is a persistent violator. The jury found McCoy guilty of grand theft, after which he admitted the persistent violator enhancement. McCoy appeals.

## II.

## STANDARD OF REVIEW

Whether there was a variance between a charging instrument and the jury instructions is a question of law over which we exercise free review. *State v. Sherrod*, 131 Idaho 56, 57, 951 P.2d 1283, 1284 (Ct. App. 1998).

## III.

## ANALYSIS

For the first time on appeal, McCoy asserts that there was a fatal variance between the amended information and Jury Instruction 12. The State responds that there was no variance, and that, even if there was, any variance was not fatal. We hold that McCoy has failed to show the existence of a fatal variance.

To be entitled to relief on a variance claim, a defendant must first show that there is a variance between the charging document and the jury instruction(s). *State v. Brazil*, 136 Idaho 327, 329, 33 P.3d 218, 220 (Ct. App. 2001). If a variance exists, the defendant must show that the variance is fatal, i.e., that it rises to the level of prejudicial error requiring reversal of the conviction. *Id.* A variance is fatal if it amounts to a constructive amendment. *State v. Jones*, 140 Idaho 41, 49, 89 P.3d 881, 889 (Ct. App. 2003). A constructive amendment, as opposed to a mere variance, occurs if a variance alters the charging document to the extent the defendant is tried for a crime of a greater degree or a different nature. *Id.*; *State v. Colwell*, 124 Idaho 560, 566, 861 P.2d 1225, 1231 (Ct. App. 1993). In other words, a variance between a charging document and a jury instruction requires reversal only when it deprives the defendant of fair notice of the charge against which the defendant must defend or leaves him or her open to the risk of double jeopardy. *State v. Wolfrum*, 145 Idaho 44, 47, 175 P.3d 206, 209 (Ct. App. 2007). The notice element requires courts to determine whether the record suggests the possibility that the defendant was misled or embarrassed in the preparation or presentation of his or her defense. *State v. Windsor*, 110 Idaho 410, 418, 716 P.2d 1182, 1190 (1985).

The amended information charged McCoy with grand theft in violation of I.C. §§ 18-2403(4), 18-2407(1)(b), 18-2409, and 19-309. The amended information further alleged:

2

GARRETT M. MCCOY, on or about the 4th day of November 2016, in the County of Ada, State of Idaho, did knowingly possess stolen property, to wit: a 2014 Honda Ridgeline of a value in excess of [$1,000] . . ., knowing the property to have been stolen, or under circumstances as would reasonably induce him/her to believe that the property was stolen, and with the intent to deprive the owner permanently of the use or benefit of the property.

The jury received several instructions relevant to the grand theft charge, including Jury Instruction 12, which reads:

There are different forms of Grand Theft, depending upon the manner in which the theft was committed. The defendant, GARRET M. MCCOY, is charged in Count I with the theft of 2014 Honda Ridgeline. The State alleges that such theft was committed either by wrongfully taking the property, as described in Instruction No. 13, or by knowingly possessing the stolen property, as described in Instruction No. 14. If you are satisfied beyond a reasonable doubt and unanimously agree that [McCoy] committed the crime of Grand Theft, you should find [McCoy] guilty. You are not required to agree as to which particular form of theft [McCoy] committed.

McCoy contends that Jury Instruction 12 created a variance because it allowed the jury to convict him of wrongfully taking the stolen vehicle when the amended information only alleged that he wrongfully possessed the stolen vehicle.

Even assuming a variance resulted from the absence of a specific allegation in the amended information that McCoy also took the vehicle in addition to possessing it, any variance was not fatal. There is nothing in the record to suggest that McCoy was deprived of fair notice of the charge against him or that he was misled or embarrassed in his defense against the grand theft charge. The opposite is true. At the preliminary hearing, the State presented evidence that the vehicle was stolen and left in a vacant lot and that McCoy admitted he took the car because it was "calling out to him, like he had an urge to drive it." McCoy further admitted he drove the car for a while before parking it where it was located by law enforcement. Regarding the jury instructions, McCoy never asserted that he was prejudiced by Jury Instruction 12 or that he lacked notice that the State would present evidence that he both took and possessed the stolen vehicle. To the contrary, the record indicates that McCoy had no objection to Jury Instruction 13, which described the wrongful taking, but did object to Jury Instruction 14, which described knowing possession of the stolen vehicle. McCoy's nonobjection to Jury Instruction 13 was consistent with his defense, which was that he took the vehicle, but only with

3

the intent to temporarily, rather than permanently, deprive the owner of its use and benefit. Moreover, based on this defense, McCoy requested and received a jury instruction for "joyriding" as an included offense. Thus, we reject McCoy's argument that the failure to specifically allege a wrongful taking in the amended information resulted in a lack of notice or misled or embarrassed him in his defense. McCoy's variance claim, therefore, fails.

## IV.

## CONCLUSION

McCoy has failed to meet his burden of showing a fatal variance. Accordingly, McCoy's judgment of conviction for grand theft by possession of stolen property and being a persistent violator is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.