IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46397

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Filed: March 2, 2020 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| ROY W. ROBERTS, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Caribou County. Hon. Mitchell W. Brown, District Judge.

Judgment of conviction, affirmed.

Fyffe Law LLC; Robyn Fyffe, Boise, for appellant. Robyn Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

GRATTON, Judge

Roy W. Roberts appeals from his judgment of conviction for aggravated assault. Roberts argues that there was a fatal variance between one of the jury instructions and the information. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Roberts with one count of aggravated assault and one count of eluding an officer after he shot at his neighbor three times while the neighbor was mowing his lawn. Idaho Code §§ 18-901(a), 18-905, 49-1404(2). One shot struck the riding lawn mower just below the seat. The neighbor testified that after the initial shots and before fleeing the scene, Roberts continued to point the gun in his direction. The information alleged Roberts "did unlawfully and with apparent ability, attempt to commit a violent injury upon the person of [neighbor], with a deadly weapon, to wit: a firearm." Prior to trial, Roberts submitted proposed jury instructions. In turn, the district court drafted proposed jury instructions which provided an

1

element of committing aggravated assault was satisfied "by firing and/or pointing a firearm at or in the general direction of [neighbor]." Roberts objected, arguing the instruction did not incorporate the language of the charging document. The district court concluded the charging information sufficiently put Roberts on notice that the charged conduct could include both firing the gun with the intent to injure and pointing the gun with the intent to threaten. The jury found Roberts guilty on all counts, he timely appeals.

## II.

## ANALYSIS

On appeal, Roberts asserts that there was a fatal variance between the information and Jury Instruction 17. The State responds there was no variance and even if there was, the variance was not fatal.[1] We hold that Roberts has failed to show the existence of a fatal variance.

To be entitled to relief on a variance claim, a defendant must first show that there is a variance between the charging document and the jury instructions. *State v. Brazil*, 136 Idaho 327, 329, 33 P.3d 218, 220 (Ct. App. 2001). The existence of an impermissible variance between a charging instrument and the jury instructions is a question of law over which we exercise free review. *State v. Sherrod*, 131 Idaho 56, 57, 951 P.2d 1283, 1284 (Ct. App. 1998). Our task in resolving the issue presented is two-fold. First, we must determine whether there is a variance between the information used to charge Roberts with aggravated assault and the instructions presented to the jury. *See Brazil*, 136 Idaho at 329, 33 P.3d at 220. Second, if a variance exists, we must examine whether it rises to the level of prejudicial error requiring reversal of the conviction. *Id*. A variance between a charging instrument and a jury instruction necessitates reversal only when it deprives the defendant of the right to fair notice or leaves him or her open to the risk of double jeopardy. *State v. Windsor*, 110 Idaho 410, 417-18, 716 P.2d 1182, 1189-90 (1985); *Brazil*, 136 Idaho at 330, 33 P.3d at 221. The notice element requires

---

[1] The State additionally argues Roberts did not preserve the bulk of his argument below. The following issue was preserved:

> [I]t will be noted that you have objected to the instruction identifying the elements with respect to aggravated assault. And specifically the court's inclusion of the phrase by firing and/or pointing a firearm. And the basis for your objection is that that language was not contained within the charging document.

Additionally, the State argues that any uncharged crime is simply a lesser included offense, which gave Roberts presumptive notice. However, there is no basis to conclude subsections (a) and (b) of Idaho Code § 18-901 can be considered lesser included offenses when neither is greater or lesser in degree, nor is one necessarily committed while committing the other.

courts to determine whether the record suggests the possibility that the defendant was misled or embarrassed in the preparation or presentation of his or her defense. *Windsor*, 110 Idaho at 418, 716 P.2d at 1190.

> Assault is defined as either:
>
> > (a)     An unlawful attempt, coupled with apparent ability, to commit a violent injury on the person of another; or
> >
> > (b)     An intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.

I.C. § 18-901. Assault is aggravated when committed with a deadly weapon. I.C. § 18-907. In this case, the charging document reads: "COUNT I: That the Defendant, Roy W. Roberts . . . did unlawfully and with apparent ability, attempt to commit a violent injury upon [the victim], with a deadly weapon, to wit: a firearm." Jury Instruction No. 17, given by the district court reads:

> In order for the Defendant, Roy W. Roberts, to be guilty of Aggravated Assault, the state must prove . . . Roberts committed an assault upon [victim] by firing and/or pointing a firearm at or in the general direction of [victim]; and [Roberts] committed that assault with a deadly weapon or instrument or by any means or force likely to produce great bodily harm.

Roberts argues that the jury instruction created a fatal variance. Primarily because including the "pointing" language allowed the jury to convict him under two theories that each involve proof of a distinct *mens rea*: "as one can point a firearm at a person in an intimidating way, thereby creating a well-founded fear of imminent violence, without intending to shoot." The district court recognized the variance upon Roberts' objection but noted with regard to notice, Roberts "understood quite clearly that the charges were--that the conduct was shooting or aiming a firearm." We similarly find though there was a variance between the charging information and the jury instructions, such variance was not fatal.

The record demonstrates that the inclusion of the language regarding pointing the firearm was in addition to, and distinct from, what was described in the information. However, this variance was not fatal because Roberts was not deprived of notice, misled, or embarrassed in the preparation of his defense. Further, Roberts has not demonstrated he was otherwise prejudiced.

Roberts demonstrated he was on notice that he could be convicted under both theories of aggravated assault because he specifically requested that the jury be instructed on both definitions. As the district court noted:

> I [] believe that the purpose of [the charging document] is to provide a defendant with notice. I think that everything I understand from the charging document, as well as this case and how it has been presented, is everyone understood quite clearly that the charges were--that the conduct was shooting or aiming a firearm.

Roberts counters that though he included the general instruction for both theories of assault in his request, his specific instruction, containing the elements needed to find guilt, only addressed subsection (a), which relates to attempted injury. This argument ignores the effect of jury instructions, which are read as a whole, and not individually. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). We review jury instructions as a whole because an ambiguity in one instruction may be made clear by other instructions, and an instruction that appears incomplete when viewed in isolation may fairly and accurately reflect the law when read together with the remaining instructions. *State v. Adamcik*, 152 Idaho 445, 472, 272 P.3d 417, 444 (2012). With this precedent in mind, it is clear Roberts' request for instructions that included both theories of aggravated assault put him on notice that he could be convicted under either. We will not view his proposed instructions in isolation assuming he expected some would be heeded while others ignored. He cannot claim a lack of notice for his request or ignore the lack of prejudice which was the result of that request.

Moreover, Roberts' objection, which was made after his defense was presented to the jury, indicates no assertion of prejudice or that he was in some way surprised by the possibility he may be convicted under either theory. Roberts' objection notes only that the charging document varies from the instruction. Had he suffered some embarrassment in the presentation of his defense, he did not indicate as much to the district court.

The variance between the charging document and Instruction 17 does not rise to the level of prejudicial error requiring reversal of the conviction.

### III.
### CONCLUSION

Because Roberts' proposed instructions included both theories of aggravated assault, he was not without notice that he may be convicted under each, nor was he embarrassed in the preparation of his defense. Therefore, there was no fatal variance between the information and the jury instructions. For these reasons, we affirm Roberts' conviction and sentence.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.