**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47217**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 17, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| THERRAL EUGENE JACKSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Lewis County. Hon. Jeff M. Brudie, District Judge.

Judgments of conviction for battery on a law enforcement officer and resisting, obstructing, or delaying a public officer, <u>affirmed</u>.

Blewett Mushlitz Hally, LLP; Jonathan D. Hally, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Therral Eugene Jackson appeals from his judgments of conviction for battery on a law enforcement officer and resisting, obstructing, or delaying a public officer. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Jackson received a telephone call informing him of a traffic accident that might result in business for his towing company. By the time Jackson arrived at the scene of the accident, law enforcement officers were already present and investigating. Officers from another jurisdiction were conducting the investigation because local law enforcement was busy with other calls for service. Jackson exited his vehicle and began a conversation with one of the individuals involved in the accident. One of the officers then overheard Jackson question why officers from

1

another jurisdiction were investigating the accident. As the officer approached, Jackson called the officer an obscene name. When the officer asked Jackson to leave, Jackson responded with another obscenity. As Jackson became more aggressive, a second officer stopped photographing the accident scene to assist the officer speaking with Jackson. Jackson then pointed at the second officer and demanded that he remove his sunglasses. After refusing several more requests from the officers to leave, Jackson was informed that he was under arrest for resisting and obstructing an officer. While struggling against being handcuffed, Jackson struck an officer across the ear.

Jackson was charged with battery on a law enforcement officer, I.C. § 18-915(3)(b), and resisting, obstructing, or delaying a public officer, I.C. § 18-705. A jury found Jackson guilty of both offenses. Jackson appeals.

## II.

## STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, when a defendant alleges that a constitutional error occurred at trial and the alleged error was not followed by a contemporaneous objection, the claim of error must be reviewed under the fundamental error doctrine. *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019).

## III.

## ANALYSIS

Jackson raises three issues on appeal, all of which arise from alleged errors in the jury instructions. Jackson asserts that the district court erred by giving fatally defective jury instructions on the elements of battery on a law enforcement officer under I.C. § 18-915(3)(b); by failing to give a self-defense instruction; and by creating a fatal variance between the information charging him with resisting, obstructing, or delaying a public officer and the jury instruction on the elements of that offense. The State responds that because Jackson did not object to these errors, they are subject to fundamental error review and fail under that standard. We hold that Jackson has failed to establish that the district court committed fundamental error in instructing the jury.

### A.     Jury Instructions

Jackson's failure to object to the jury instructions he now challenges on appeal requires him to demonstrate all three prongs of the fundamental error standard. First, Jackson must show the challenged instructions violated one or more of his unwaived constitutional rights. *See Miller*, 165 Idaho at 119, 443 P.3d at 133. Second, the erroneous nature of the instructions must be clear and obvious, meaning the record must demonstrate evidence of the error *and* evidence as to whether trial counsel made a tactical decision in failing to object. *See id*. Third, Jackson must demonstrate that the challenged instructions affected his substantial rights, meaning the allegedly erroneous instructions actually affected the outcome of the trial. *See id.* at 119-20, 443 P.3d at 133-34. Jackson has not made an effort to establish error under all three of these prongs. Rather, Jackson has analyzed the alleged errors only under the standard of review applicable to claims of error that were accompanied by a contemporaneous objection. This is inadequate to satisfy the fundamental error standard. *See State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019) (noting that conclusory arguments, lack of authority to support arguments, or failing to make any attempt to address the factors the reviewing court considers in relation to a claim of error foreclose consideration of the claim of error on appeal); *see also State v. Baxter*, 163 Idaho 231, 236, 409 P.3d 811, 816 (2018) (noting failure to argue for fundamental error review despite lack of objection in trial court). Accordingly, Jackson has failed to meet his burden of showing fundamental error in relation to either the elements instruction for battery on a law enforcement officer or the lack of a self-defense instruction.[1]

**B.      Variance**

Jackson argues there was a fatal variance between the jury instructions on the elements of resisting, obstructing, or delaying a public officer and the information charging him with the

---

[1]      Even if considered, both of Jackson's unpreserved instructional error claims would fail under the first prong of the fundamental error standard. Jackson's challenge to the elements instruction for battery on a law enforcement officer fails because the instructions required the jury to find Jackson committed the charged offense by striking the officer, which falls within the applicable definition under I.C. § 18-915(3)(b). *See State v. Castrejon*, 163 Idaho 19, 24, 407 P.3d 606, 611 (Ct. App. 2017). Jackson's challenge to the absence of an unrequested self-defense instruction fails because there is no duty for a trial court to, of its own accord, instruct the jury on every theory a defendant may have. *See State v. Pearce*, 146 Idaho 241, 248, 192 P.3d 1065, 1072 (2008). Jackson's failure to include a self-defense instruction among his other proposed instructions did not violate one of his unwaived constitutional rights. *See id.*

offense. In particular, Jackson contends that the jury instructions allowed the jury to find him guilty of the offense based upon conduct that was not alleged in the information. As with Jackson's other issues on appeal, the alleged fatal variance was not raised before the district court. Thus, Jackson must establish that the alleged fatal variance constituted fundamental error. *See State v. Carter*, 155 Idaho 170, 174, 307 P.3d 187, 191 (2013).

The existence of an impermissible variance between a charging instrument and the jury instructions is a question of law over which we exercise free review. *State v. Sherrod*, 131 Idaho 56, 57, 951 P.2d 1283, 1284 (Ct. App. 1998). Our task in resolving the issue presented is two-fold. First, we must determine whether there is a variance between the information used to charge Jackson with resisting, obstructing, or delaying a public officer and the instructions presented to the jury. *See State v. Brazil*, 136 Idaho 327, 329, 33 P.3d 218, 220 (Ct. App. 2001). Second, if a variance exists, we must examine whether it rises to the level of prejudicial error requiring reversal of the conviction. *Id.* A variance between a charging instrument and a jury instruction necessitates reversal only when it deprives the defendant of the right to fair notice or leaves him or her open to the risk of double jeopardy. *State v. Windsor*, 110 Idaho 410, 417-18, 716 P.2d 1182, 1189-90 (1985); *Brazil*, 136 Idaho at 330, 33 P.3d at 221.

The information charged Jackson with committing the crime of resisting, obstructing, or delaying a public officer by refusing to "clear the scene of an ongoing investigation after having been requested to do so by [law enforcement]." The district court instructed the jury on the elements of that offense in Instruction 17, which reads:

> In order for [Jackson] to be guilty of RESISTING, OBSTRUCTING, or DELAYING AN OFFICER, the state must prove each of the following:
> 1. On or about the 12th of June, 2018
> 2. in the state of Idaho
> 3. the defendant THERRAL E. JACKSON willfully
> 4. resisted, delayed, or obstructed,
> 5. [K.O.], a peace officer,
> 6. in the discharge, or attempt to discharge, any duty of [the officer's] office.

Jackson argues that the absence from the instruction of the specific means by which the State alleged he committed the offense allowed the State to proceed on an expanded theory of resisting and obstruction from that alleged in the information. Instead of restricting the State to pursuing a guilty verdict based upon only a refusal to clear the scene of an ongoing investigation,

4

Jackson contends Instruction 17 permitted the State to pursue a guilty verdict based upon his conduct of resisting the officers' attempts to handcuff him. Jackson does not argue that the alleged variance exposed him to double jeopardy. Thus, we will focus our inquiry on whether the instruction deprived him of fair notice. A review of whether the defendant was deprived of his or her right to fair notice requires the court to determine whether the record suggests the possibility that the defendant was misled or embarrassed in the preparation or presentation of his or her defense. *See Brazil*, 136 Idaho at 330, 33 P.3d at 221.

We conclude that, even if the absence of the specific method by which the State alleged Jackson committed the crime of resisting and obstruction constituted a variance, it was not fatal because Jackson was not misled or embarrassed in his defense. One of the theories Jackson presented to the jury in closing argument was that officers abandoned their lawful duties when they ordered him to leave the scene of the accident. He argued that he was ordered to leave in retaliation for calling an officer an obscene name. Because the crime of resisting, obstructing, or delaying a public officer requires the official to be engaged in a lawful and authorized act, *see State v. Bishop*, 146 Idaho 804, 817, 203 P.3d 1203, 1216 (2009), Jackson could, under this theory of the case, disregard the officer's request to leave the scene of the accident without committing a crime. Therefore, he could lawfully resist the officers' attempt to unlawfully arrest him for obstruction as long as he did not resort to force or violence. In short, one theory Jackson presented was that, from the moment he was first asked to leave the scene of the accident through his arrest, he was not resisting officers engaged in their official duties. Thus, even if Instruction 17 allowed the State to pursue an expanded theory of how Jackson committed the crime of resisting, obstructing or delaying a public officer that included his conduct resisting arrest, Jackson was not embarrassed in his defense because his actual defense addressed the expanded theory. Because Jackson was not misled or embarrassed in his defense, the alleged variance between Instruction 17 and the information charging him with resisting, obstructing or delaying a public officer was not fatal. Consequently, Jackson cannot satisfy the first prong of the fundamental error test in relation to this alleged error, eliminating any need to consider the other prongs of the test.

## IV.
## CONCLUSION

5

Jackson has failed to show that the district court committed fundamental error in instructing the jury on the elements of battery on a law enforcement officer under I.C. § 18-915(3)(b); by failing to give a self-defense instruction; or by creating a fatal variance between the instructions related to the offense of resisting, obstructing, or delaying a public officer and the information charging him with that offense. Therefore, Jackson's judgments of conviction for battery on a law enforcement officer and resisting, obstructing, or delaying a public officer are affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.